## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| JEFFRY D. DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF WINFIELD, MISSOURI, | ) | Case No.: |
| | ) | |
| and | ) | Div.: |
| | ) | |
| BUD CHRUM, | ) | |
| Police Officer, | ) | |
| City of Winfield, Missouri | ) | **Plaintiff Demands** |
| Police Department, | ) | **Trial by Jury** |
| | ) | |
| and | ) | |
| | ) | |
| RYAN C. PARKER, | ) | |
| Police Officer, | ) | |
| City of Winfield, Missouri | ) | |
| Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### INTRODUCTORY STATEMENT

1.      That this a civil action seeking money damages against the CITY OF

WINFIELD, MISSOURI and BUD CHRUM, who is a police officer of the WINFIELD

Police Department and RYAN C. PARKER, who is a police officer of the WINFIELD

Police Department, for committing acts, under color of law, which deprived Plaintiff of

rights secured under the Constitution of the United States, and for refusing or neglecting

1

to prevent such deprivations and denials to Plaintiff.  Plaintiff alleges that Police Officer Defendants CHRUM and PARKER, acting individually or together and in concert with other City of WINFIELD Police Officers unlawfully stopped, detained, and arrested Plaintiff and in the course of the stop, detention and arrest used excessive force against Plaintiff in violation of Plaintiff's constitutional rights.  Plaintiff alleges that the CITY OF WINFIELD is liable for Plaintiffs damages because the CITY and the Police Department, under the command and control of the City and Chief of Police, failed, on a continuing basis, to train, instruct, supervise, control and discipline the officers of the WINFIELD Police Department, including Defendants CHRUM and PARKER and the other, presently unknown City of WINFIELD police officers and said failures were a result of official policy or the custom and practice of the CITY OF WINFIELD and the WINFIELD Police Department, and that said conduct caused the deprivation of Plaintiff's rights secured under the Constitution, the laws of the United States, and the laws of the State of Missouri.

2.      That this action is brought pursuant to 42 U.S.C. Section 1981, 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.  The Court has jurisdiction of this action under 42 U.S.C. Section 1981 and 1983, and 28 U.S.C. Section 1331 and 1343.  Plaintiff further invokes the supplemental jurisdiction this Court to hear and decide claims arising under state law, pursuant to Section 1367.

2

<u>PARTIES</u>

3.      That Plaintiff, JEFFRY D. DAVIDSON, is a citizen of the City of

Wentzville, Missouri, County of St. Charles, State of Missouri, and the United States of

America.

4.      That at all-times referred-to herein, Defendant BUD CHRUM (hereinafter

"CHRUM" was a police officer of the WINFIELD POLICE DEPARTMENT and at all

times referred to herein was acting under color of law and in such capacity as an agent,

servant and employee of the City of WINFIELD and the WINFIELD Police Department,

and was acting under the direction and control of the WINFIELD Police Department

and/or Chief of Police and was acting pursuant to either official policy or the custom and

practice of the WINFIELD Police Department.

5.      That at all-times referred-to herein, Defendant RYAN PARKER (hereinafter

"PARKER" was a police officer of the WINFIELD POLICE DEPARTMENT and at all

times referred to herein was acting under color of law and in such capacity as an agent,

servant and employee of the City of WINFIELD and the WINFIELD Police Department,

and was acting under the direction and control of the WINFIELD Police Department

and/or Chief of Police and was acting pursuant to either official policy or the custom and

practice of the WINFIELD Police Department.

6.      That Chief James C. Johnson was, at all times referred to herein, Chief of

Police of the WINFIELD Police Department and as such, was the commanding officer of

Defendants CHRUM and PARKER wand was responsible for the training, supervision,

3

discipline and conduct of Defendants CHRUM and PARKER as more fully set forth herein. Chief Johnson is further responsible for enforcing the regulations of the WINFIELD Police Department and for ensuring that WINFIELD police officers obey the laws of the State of Missouri and the United States of America. At all times referred to herein, Chief Johnson was acting under color of law and in such capacity as an agent, servant and employee of the CITY OF WINFIELD, and was acting under the direction and control of the CITY OF WINFIELD, and was acting pursuant to either official policy or the custom and practice of the WINFIELD Police Department. Chief Johnson was the policymaker for the WINFIELD Police Department in all matters that are alleged herein. In the alternative, Chief Johnson participated in the promulgation of policy for the WINFIELD Police Department and was directly responsible for its implementation, in whole or in part.

7.     That in the alternative, the CITY OF WINFIELD, acting by and through elected officials, is and was the policymaker for the WINFIELD Police Department in all matters that are alleged herein, with the power and duty to supervise, discipline and control the conduct of Defendants CHRUM and PARKER.

8.     That the CITY OF WINFIELD, MISSOURI (hereinafter "the CITY" or "the Defendant CITY") is a municipal corporation, organized and existing in accordance with the laws of the State of Missouri.

9.     That Plaintiff sues Defendant CHRUM in both his individual and official capacities.

4

10.     That plaintiff sues Defendant-PARKER in both his individual and official capacities.

11.     That at-all-times-referred to herein, the CITY and its agents and servants, including Chief Johnson, and Defendants CHRUM and PARKER acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and the WINFIELD Police Department and pursuant to their authority as Chief of Police and police officers, respectively.

FACTS

12.     That on or about April 17, 2010, Plaintiff was driving his 2001 Chevrolet Cavalier motor vehicle.  Plaintiff departed "Playoffs" in WINFIELD, traveling eastbound on Highway 47 in the City of WINFIELD.

13.     That after traveling eastbound on Highway 47, Plaintiff approached and stopped at a stop sign at the intersection of eastbound Highway 47 and Highway 79. Plaintiff stopped, signaled his turn and turned right/southbound onto Highway 79.

14.     That immediately after turning southbound onto Highway 79, Defendant CHRUM effected a traffic stop of Plaintiff.  Defendant CHRUM caused the stop of the vehicle without probable cause and without a reasonable, articulable suspicion of any criminal conduct on the part of Plaintiff.  Defendant CHRUM stopped Plaintiff's vehicle on the shoulder of southbound Highway 79 approximately one mile south of Highway 47.

15.     That thereafter, additional WINFIELD police officers, including Defendant PARKER arrived at the scene of the stop.  Plaintiff was detained and questioned.

Defendant CHRUM immediately told Plaintiff he rolled through the stop sign at Highway

79, told him to produce his driver's license and insurance card, told Plaintiff he smelled

of alcohol and began questioning Plaintiff about prior driving while intoxicated offenses.

Plaintiff complied with Defendant CHRUM's requests and admitted to two prior driving

while intoxicated offenses.

16.     That thereafter, Defendant CHRUM asked Plaintiff to exit the vehicle.

After exiting the vehicle, Defendant CHRUM asked Plaintiff is he had anything illegal,

Plaintiff replied that he did not and Defendant CHRUM allowed Plaintiff to empty his

pockets of his wallet, mobile phone and cigarettes.

17.     That it was at this time Plaintiff saw Defendant PARKER on the scene

standing near Defendant CHRUM's patrol car and observing the scene.

18.     That thereafter, Defendant CHRUM performed field sobriety testing on

Plaintiff at the rear of Plaintiff's vehicle.  Although Plaintiff performed well on the tests,

Defendant CHRUM became frustrated with Plaintiff during the walk and turn test and

thereafter announced to Plaintiff that he was going to jail for "DWI."

19.     That as Plaintiff began to ask what he had done wrong, Defendant CHRUM

handcuffed both of Plaintiff's hands, swung Plaintiff around by his right arm, and

slammed Plaintiff's knee, head and ear into the asphalt tarmac of southbound Highway

79.  Defendant CHRUM then brought all of his weight to bear on Plaintiff's back and

struck Plaintiff multiple times in the back of his thigh.  It was at this time that Defendant

PARKER began to join Defendant CHRUM in hitting Plaintiff in the back of his thigh.

20.     That after being handcuffed and while escorting Plaintiff toward Defendant PARKER's patrol vehicle, Defendants CHRUM and PARKER informed Plaintiff that he was being charged with resisting arrest and assaulting a law enforcement officer.  As Defendant CHRUM approached Defendant PARKER's patrol vehicle, Plaintiff stated that he had not resisted arrest nor had he assaulted an officer.

21.     That upon hearing Plaintiff state that he had not resisted arrest nor had he assaulted an officer, Defendant CHRUM swung Plaintiff, now handcuffed, backward and downward, slamming Plaintiff's shoulder and head into the asphalt tarmac of southbound Highway 79, causing Plaintiff to lose consciousness, and injuring Plaintiff's head, shoulder and right hand.

22.     That upon information and belief, Defendants CHRUM and PARKER acted individually or together and in concert, as outlined in Paragraphs 15 -20, and during the course of this action, Defendants CHRUM and PARKER used force on Plaintiff that was unnecessary and excessive, both before and after handcuffing him.

23.     That Defendants CHRUM and PARKER injured Plaintiff so severely that they had to call Lincoln County Ambulance to respond to the scene to treat Plaintiff for multiple injuries.

24.     That while being treated by the emergency medical technician at the scene and while being treated at the Lincoln County Medical Center, Plaintiff heard Defendant CHRUM tell the EMT and the ER staff that Plaintiff's head injury was caused by Plaintiff slipping and falling.

25.     That while at the Lincoln County Medical Center, Defendant CHRUM

obtained a blood sample from Plaintiff pursuant to a warrant signed by a Lincoln County

Associate Circuit Judge.  The results of that blood draw showed no alcohol in Plaintiff's

system.

25.     That after being arrested and after being treated for his injuries at the

Lincoln County Medical Center, Plaintiff was transported to the Lincoln County

Correctional Center and charged with two felonies: driving while intoxicated –

aggravated offender and resisting/interfering with arrest for a felony.

CAUSE OF ACTION

COUNT I

EXCESSIVE FORCE BY DEFENDANT BUD CHRUM<br>COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendant CHRUM in Count I, Plaintiff states:

26.     That by this reference, Plaintiff incorporates each and every allegation and

averment set forth in paragraphs one through 25 of this Complaint as though fully-set-

forth herein.

27.     That Defendant CHRUM and, upon information and belief, other CITY

officers, acting individual or jointly and in concert used unnecessary, unreasonable and

excessive force against Plaintiff and thereby caused a violation of Plaintiff's rights under

the Fourth and Fourteenth Amendments to the United States Constitution or failed to

prevent the acts of others when they had an opportunity to do so by firstly swinging

Plaintiff around by his right arm and slamming Plaintiff's knee, head and ear into the

8

asphalt tarmac of southbound Highway 79 causing plaintiff to injure his arm, knee and head, by secondly bringing all of his weight to bear on Plaintiff's back and striking Plaintiff multiple times in the back of his thigh and thirdly by swinging Plaintiff, now handcuffed, backward and downward, slamming Plaintiff's shoulder and head into the asphalt tarmac of southbound Highway 79, causing Plaintiff to lose consciousness, and injuring Plaintiff's head, shoulder and right hand when no use of physical force was justified because Plaintiff complied with all lawful directives or commands of the officers, and had not threatened the officer or anyone else with physical violence. Therefore, the use of force was unreasonable because it was not necessary for any purpose.

28.    That as a direct and proximate result of the afore described unlawful and malicious physical abuse of Plaintiff by Defendant CHRUM and other CITY police officers, all committed under color of law and under their authority as CITY OF WINFIELD police officers, Plaintiff suffered bodily harm and was deprived of his right to be free from unreasonable seizure of his person and the use of excessive force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

29.    That as a direct and proximate result of the malicious, brutal and outrageous conduct of Defendant CHRUM and others as afore described, Plaintiff suffered injuries to his knee, leg, shoulder, right hand as well as to his head and face, resulting in a broken finger, pain, swelling and limited range of motion in his knee leg,

shoulder and a loss of consciousness and cut to his head.  Plaintiff suffered intimidation, humiliation and emotional distress, and Plaintiff suffered anguish as a result of the conduct that resulted in deprivation of his Constitutional rights.  Additionally, Plaintiff has suffered special damages in the form of medical expenses and will suffer additional special damages in the future in an amount that cannot yet be determined.

30.     That the actions of Defendant CHRUM as afore described were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendant CHRUM.

31.     That if Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant CHRUM, for compensatory damages in an amount that is fair, just and reasonable under the circumstances, and, for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

### SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT BY THE STOP, DETENTION AND ARREST OF PLAINTIFF BY DEFENDANTS CHRUM AND PARKER COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendants CHRUM and PARKER in Count II, Plaintiff States:

10

32.     That by this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs one through 31 of this Complaint as though fully set forth herein.

33.     That Defendant CHRUM, without probable cause, reasonable suspicion or lawful authority, stopped the vehicle driven by Plaintiff and detained Plaintiff.

34.     That after Defendant CHRUM stopped Plaintiff's vehicle, Defendant PARKER intervened such that Defendants CHRUM and PARKER acted together to detain, seize, detain and arrest Plaintiff.

35.     That the stop, detention, continuing seizure and arrest of Plaintiff were and are in violation of Plaintiff's right to be free from unreasonable seizure secured by the Fourth and the Fourteenth Amendments to the United States Constitution protected under 42 US.C. §1983.

36.     That as a direct and proximate result of the stop, detention and arrest of Plaintiff as afore described, Plaintiff has suffered emotional distress and mental anguish.

37.     That the acts of Defendants CHRUM and PARKER as afore described were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the individually named Defendants.

38.     That if Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHREFORE, Plaintiff prays for judgment against Defendants CHRUM and PARKER, for compensatory damages, in an amount that is fair, just and reasonable under the circumstances, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fear and appropriate under the circumstances.

COUNT III

## FAILURE TO INSTRUCT, SUPERVISE, CONTROL AND DISCIPLINE DIRECTED AGAINST THE CITY OF WINFIELD COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendant CITY OF WINFIELD, MISSOURI in Count III, Plaintiff States:

39.     That by this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs one through 38 of this Complaint as though fully set forth herein,

40.     That there exists within the WINFIELD Police Department policies or customs, practices and usages that are so pervasive that they constitute the policy of the department, that caused the constitutional deprivations of the plaintiff as has been more fully set forth herein.

41.     That the policies, customs, practices and usages that exist and that existed are:

a.     to physically assault, abuse and otherwise use force and excessive force against citizens, without regard for the need for the use of force, or without regard for the legality of its use, and/or in a retaliatory or punitive way;

12

b.    to stop and detain motorists without probable cause, reasonable suspicion,
or lawful excuse or justification;

c.    to ratify misconduct of police officers by failing to correct or discipline
officers who engage in misconduct;

d.    to fail to receive, investigate and sustain complaints of officer misconduct.
This is a failure of the duty of the CITY to supervise and control its officers, which
empowers the officers or pauses the officers to believe they are empowered to
engage in misconduct; and

e.    the practice of the officers of the department to: protect one another by
failing to report misconduct of other officers, known or suspected, and by lying
about incidents of misconduct if asked.  This phenomenon is commonly known as
the code of silence.

42.    That the CITY is vested with the authority and has the duty to screen, train,
supervise, discipline and otherwise control the officers of the WINFIELD Police
Department.  The CITY has effectively abrogated or delegated the power to so screen,
train, supervise, discipline and control the officers of the WINFIELD Police Department
by failing to act in the face of transgressions of which the CITY knew or should have
known.  As the lawfully designated policymaking body for the WINFIELD Police
Department, the CITY has the power and responsibility to prevent the existence of the
policies and practices as afore described and has failed and refused to do so.  The failure

13

of the CITY to act to prevent constitutionally violative conduct as afore described caused the constitutional deprivations -that have been suffered by the Plaintiff.

43.     That the Chief of Police, Chief James C. Johnson, is the commander in chief of the WINFIELD Police Department and is the highest ranking police officer in the department.  He is delegated with the power and authority to control the conduct of the officers of the WINFIELD Police Department by the CITY, and Chief Johnson has failed and refused to properly train, discipline and otherwise control the conduct of the officers of the WINFIELD Police Department.

44.     That the CITY and/or the Chief of Police and/or the Mayor are the policymakers for the WINFIELD Police Department and the failure of the CITY and/or Chief Johnson and/or the Mayor and the failure of each of them to affirmatively act in the face of transgressions about which they know or should know, establishes the policy of the WINFIELD Police Department to condone and otherwise tolerate constitutionally violative conduct in general and specifically the constitutionally violative conduct alleged in this complaint.  Had the CITY and/or the Chief of Police and/or the Mayor or any of them affirmatively acted to properly screen and/or train the officers of the WINFIELD Police Department or to properly supervise the officers or to discipline the officers when the officers conducted themselves in constitutionally violative ways, the constitutional deprivation of the Plaintiff would not have occurred.

45.     That Chief Johnson and the CITY are aware, or should be aware, of the practice of improperly stopping and detaining and of using force or of using excessive

14

force and of officers lying about the facts of the incident to cover and conceal

misconduct, and of the persistent failure and refusal of officers to report violations of the

constitution and laws, and when directly questioned about such violations, to lie about the

incident.  Nevertheless, the CITY and Chief Johnson did nothing to  prevent, or stop the

practices.

46.     That in their failures as afore described, the CITY and the Chief of Police

intentionally disregarded known facts or alternatively were deliberately indifferent to a

risk of the constitutional violation of which they knew or should have known and their

culpability caused the constitutional violations of the Plaintiff.

47.     That as a direct and proximate result of the policies, customs, practices and

usages of the CITY and/or the Chief of Police as afore described, Plaintiff suffered

damages as afore described.

48.     That if Plaintiff prevails, he is entitled to an award of attorney fees pursuant

to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY, for

compensatory damages in an amount that is fair, just and reasonable under the

circumstances, plus costs of this action, attorney's fees, and for such other relief as the

Court deems fair and appropriate under the circumstances.

## COUNT IV

## ASSAULT AND BATTERY BY DEFENDANT CHRUM COGNIZABLE UNDER STATE LAW

For his cause of action against Defendant CHRUM in Count IV, Plaintiff states:

49.     That by this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs one through 48 of this Complaint as though fully set forth herein:

50.     That the acts of Defendant CHRUM and others as afore described were committed without just cause or provocation, and with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault and battery against Plaintiff.

51.     That as a direct and proximate result of the malicious and outrageous conduct of Defendant CHRUM and others as afore described, Plaintiff suffered injuries to his knee, leg, shoulder, right hand as well as to his head and face, resulting in a broken finger, pain, swelling and limited range of motion in his knee leg, shoulder and a loss of consciousness and cut to his head and Plaintiff suffered anguish, consternation, and emotional distress.

52.     That the acts of Defendant CHRUM as afore described were intentional, wanton, malicious and oppressive, and the result of evil motive or reckless indifference, thus entitling Plaintiff to an award of punitive damages against Defendant CHRUM.

WHEREFORE, Plaintiff prays for judgment against Defendant CHRUM, for, compensatory damages in an amount that is fair, just and reasonable under the circumstances, and for punitive damages, plus costs of this action and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT V

## FALSE ARREST AND FALSE IMPRISONMENT
## BY DEFENDANTS CHRUM AND PARKER COGNIZABLE UNDER STATE LAW

For his cause of action against Defendants CHRUM and PARKER in Count V, Plaintiff states:

53.    That by this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs one through 52 of this Complaint as though fully set forth herein.

54.    That Defendants CHRUM and PARKER, at such times as previously set forth herein, intentionally caused the detention and restraint of Plaintiff against his will and without probable cause that Plaintiff had committed any clime.

55.    That the conduct of Defendants CHRUM and PARKER in exercising dominion and control over the freedom of Plaintiff was an intentional restraint of Plaintiff and against his will.

56.    That as a direct and proximate result of Defendants CHRUM and PARKER causing the detention and restraint of Plaintiff as afore described, Plaintiff suffered emotional distress and mental anguish.

57.    That the acts of Defendants CHRUM and PARKER  as afore described were intentional, wanton, malicious and oppressive, and the result of evil motive or reckless indifference, thus entitling Plaintiff to an award of punitive damages against of Defendants CHRUM and PARKER.

17

WHEREFORE, Plaintiff prays for judgment against Defendants CHRUM and PARKER for compensatory damages in an amount that is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

Respectfully submitted,

LOHMAR STAEBELL & BURLISON LLC

By: _____
Aaron M. Staebell, EDMo77346/MBE46040
300 St. Peters Centre Blvd.
Suite 225
St. Peters, Missouri 63376
(636) 441-5400 voice
(636) 441-5404 fax
aaron@lohmarstaebell.com

**Attorney for plaintiff**